### THE TRAVELLERS INS. CO. v. THE WILD RIVER LUMBER CO.

(Circuit Court of Appeals, First Circuit.    November 5, 1897.)

#### No. 218.

INDEMNITY INSURANCE—CONSTRUCTION OF POLICY.

A lumber company procured a policy insuring it against loss from liability to any persons who should "sustain accidental bodily injuries under circumstances which shall impose upon the insured a common-law or statutory liability therefor." The application contained the following: "It is understood that, in the conduct of a portion of their business, the assured employ a railroad owned by themselves, and used only for their own lumbering purposes." The company's lumbering operations were carried on on its own land, remote from other settlements; and it had mills, dwellings, and a store for supplying its workmen and agents. It owned a railroad, some 3½ miles long, for the transportation of its lumber supplies, workmen, and such persons as had business at its mills or store. Two commercial travelers, who had come to its premises to take orders for supplying its store, were, by a special arrangement with its superintendent, to be taken back over its road on a locomotive, paying fare therefor. On the way, the locomotive was overturned, and they were injured, under circumstances subjecting the lumber company to a liability, which it paid. *Held*, that the injuries occurred within the scope of the company's "own lumbering purposes," within the meaning of the application, so as to make the insurer liable, and that, under the peculiar circumstances, the undertaking to carry the travelers on a locomotive was not a fraud on the insurer, so as to preclude a recovery.

In Error to the Circuit Court of the United States for the District of Maine.

This was an action at law by the Wild River Lumber Company against the Travellers Insurance Company to recover upon a policy of indemnity insurance. The action was brought in the supreme judicial court of the state of Maine, and thence removed into the circuit court by the defendant. The case was tried

to the court without a jury, and judgment given for the plaintiff, to review which defendant sued out this writ of error. The policy sued on insured the plaintiff company "against loss from liability to every person who may during the term sustain accidental bodily injuries under circumstances which shall impose upon the insured a common-law or statutory liability therefor." The plaintiff company was incorporated under the general law of Maine to do a general lumber business, including the cutting, manufacturing, and selling of lumber, with the necessary incidents of this business. It was not expressly authorized to construct and maintain a railroad, but it did construct and maintain on its own land a railroad from a junction with the Grand Trunk Railroad to its mills and store, some 3½ miles distant. The company owned mills and dwellings for its men, in a region not otherwise inhabited, and also a store, wherein it kept, and sold to its workmen and agents, their groceries and other supplies. The railroad was used in connection with the lumber business, primarily for the transportation of lumber, supplies, etc., and also for the conveyance of its agents and servants, and persons having business at the mills and store. In some instances, fare was charged for the transportation of persons. In November, 1894, during the term of the policy, two commercial travelers were carried over the railroad to the store, paying fare, for the purpose of making sales and procuring orders. Desiring to return before the regular train down from the store, they made special arrangements with the plaintiff's superintendent for transportation to the junction for one dollar each, and they were taken in the locomotive. On the way down, the locomotive was thrown from the track and overturned, and both travelers severely injured. They made claims against the plaintiff for damages, which were adjusted and paid, and the plaintiff then brought this action on the policy. The application for the policy sued on contained the following clause: "It is understood that, in the conduct of a portion of their business, the assured employed a railroad, owned by themselves, and used only for their own lumbering purposes; the pay roll being in common with all their methods of business, and included therein."

Josiah H. Drummond (Josiah H. Drummond, Jr., on brief), for plaintiff in error.

Joseph W. Symonds and Addison E. Herrick (Symonds, Snow & Cook and Herrick & Park, on brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. Whether the contract of insurance was contained solely in the policy, or in the policy and application together, does not appear to us a vital question. By the policy the lumber company was insured against loss from liability to every person who should, during a stated period, "sustain accidental bodily injuries under circumstances which shall impose upon the insured a common-law or statutory liability therefor." Conceding, for the purposes of the case, that there should be taken from the application, and incorporated into the contract, the following language: "It is understood that in the conduct of a portion of their business the assured employ a railroad, owned by themselves, and used only for their own lumbering purposes," and that the contract insures for accidents upon the railroad only when it is used for lumbering purposes, this limitation or exception does not avail the plaintiff in error. The company's lumbering operations were carried on upon lands owned by it, and it had mills and dwellings for workmen, in a region not otherwise inhabited. It also had, in connection with its mills and the dwellings mentioned, a shop or store, where it kept, and sold to its agents and workmen, such groceries and other sup-

plies as were required for such a population as was there found. These mills and other buildings were remote from any other settlement, and could not be reached by any public road or highway. The company constructed and operated upon its own land, and primarily for use in its business, a railway, by the use of which logs were transported to the mills, and manufactured lumber from the mills to the Grand Trunk Railway, at a point some $3\frac{1}{2}$ miles distant. Over the same railroad, needed supplies for operations, and stock or merchandise for the shop above mentioned, were transported, as there was occasion for so doing. The company's agents and workmen, and persons having business at the mills, or with the shop, including insurance agents and commercial runners and others, also were carried, from time to time, over said railroad, both ways. From some of the persons so carried over its railroad, the company demanded and collected pay for the transportation. We are of the opinion that the transportation upon the company's private railroad of two commercial travelers, who had come to the premises of the lumber company to transact business with the company, and to make sales, and to take orders for supplying the shop of the lumber company, was a use of the railroad within the scope of the company's "own lumbering purposes." The fact that the travelers paid a sum of money for a special conveyance is immaterial, since the railroad was used by them and by the lumber company in direct connection with the business of the company. Nor can we say that the undertaking of the company or its servants to carry the two travelers upon a locomotive was such a fraud upon the insurer as to preclude the insured from recovering. The defendant in error is a lumbering company, with a railroad for lumbering purposes, and its equipment and mode of running its road naturally differ from those of a common carrier. As the circumstances are peculiar, this court cannot apply to this case common knowledge as to ordinary train service on ordinary railroads; and the record discloses no such finding of facts, bearing upon this question, as to justify us in finding error in the rulings thereon by the circuit court. Upon the record before us, it appears that the method of conveyance was assented to by the passengers and by the company. There is no evidence of bad faith, or of wanton and willful disregard of the safety of the travelers. The lumber company, for the improper performance of its undertaking, became subject to a common-law liability to the injured men, and is entitled to indemnity from its insurer by the contract of insurance, even if this contract contains the limitation for which the plaintiff in error contends. These conclusions render it unnecessary to consider other errors assigned, since it necessarily follows that they could not have prejudiced the plaintiff in error. Judgment of the circuit court affirmed, with interest, and the costs of this court for the defendant in error.